187    495
19 SC  185

# M. A. McCarty, Appellant, v. Margaret Scanlon, Administratrix of the Estate of Martin Scanlon.

*Promissory notes—Evidence—Province of court and jury.*

In an action upon a promissory note, the case is for the jury where the purpose for which the note was given is undisclosed, but where the evidence for the defendant tends to show that the purpose, whatever it was, has been fulfilled, and the plaintiff's declarations in evidence were in effect that there had been no money consideration for the note; that he did not intend to try to collect any money on it, and the evidence further tended to show that he had repeatedly promised to return it to defendant.

Where a defense that there is nothing due on the note in suit is based on testimony of alleged admissions of plaintiff, and the jury are instructed that such testimony should be received with great caution, a request for an instruction that such evidence is the most dangerous that can be admitted in a court of justice, and the most liable to abuse, is properly refused.

Argued Feb. 21, 1898.   Appeal, No. 88, Jan. T., 1897, by plaintiff, from judgment of C. P. Lackawanna Co., Nov. T., 1893, No. 52, on verdict for defendant.   Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Assumpsit on a promissory note.   Before ARCHBALD, P. J.

Reference is made to McCarthy v. Scanlon, 176 Pa. 262.

At the trial defendant offered to prove by her own testimony that her husband, Mr. Scanlon, the deceased, met the plaintiff on the road between Wilkes-Barre and Ashley some time after the date of this note, when this note was discussed, and when plaintiff stated to Mr. Scanlon and to the witness that Mr. Scanlon was not indebted to him, McCarty, in any sum whatever, and that he would return the note to him at his home; that he would bring the note up to Scranton with him; and that in a subsequent conversation McCarty regretted that he had forgotten to bring the note with him, but said on his next trip coming to Scranton he would bring the note up and give it to the witness, for the purpose of proving that there was no money due or payable upon said note from Scanlon to McCarty.

Plaintiff objected to the offer as irrelevant, incompetent and immaterial.

By the Court: I will allow the evidence. Exception noted for plaintiff, at whose request a bill is sealed. [1]

The court charged in part as follows:

[If you find that there was no money consideration for this note, and you also find that Mr. McCarty admitted this and promised from time to time to bring it up or to turn it over, and failed in that promise, if these are the conclusions which you draw with regard to these two different parts of the case, that there was no money in this note (as the words were or claimed to be), and that Mr. McCarty admitted that and promised to return it, then, although we have no explanation just how the note came to be given, these statements by Mr. McCarty, if they were made, under those circumstances, would warrant, it seems to me, an inference that for whatever purpose the note was given, the purpose for which it was given had been fulfilled; even though that purpose, perhaps by the death of Mr. Scanlon, is lost to us, or though it be an undisclosed purpose, I think you would be warranted in inferring that the reason why it had been given was fulfilled, or that it stood, in a way, as a satisfied obligation in the hands of Mr. McCarty; which, in that light, he would be bound to give up, and which, according to the testimony of the defendant, he promised that he would give up.] [2]

[You will remember, however, in it all, that the plaintiff has a decided ground of advantage in the case. He holds, I may say, the unquestioned obligation of Martin Scanlon for a thousand dollars, and if that is to be assailed or overthrown, the burden of doing it is upon the defendant; she has got the laboring oar, and by the weight of the testimony must convince you that this note, while held by the plaintiff still, for whatever purpose it was given, that purpose has been satisfied, and so far satisfied that he has no right to recover in this case.] [3]

Plaintiff's points and the answers thereto among others were as follows:

1. Under all the evidence in the case the verdict should be for the plaintiff. *Answer:* This point I refuse without reading. [4]

2. There is no evidence in this case to show that the plaintiff was guilty of any fraud upon Martin Scanlon at the time the note was given, or that the note was given to the plaintiff under

duress, and therefore the presumption is that the note was given to the plaintiff voluntarily; and the burden is upon the defendant to show that it has since been paid, or that the obligation has been canceled in some way, and for a good consideration; and unless the defendant has convinced you that the note has been so paid or canceled your verdict must be for the plaintiff. *Answer:* There is no evidence in this case to show that the plaintiff was guilty of any fraud upon Martin Scanlon at the time the note was given, or that the note was given to the plaintiff under duress, and therefore the presumption is that the note was given to the plaintiff voluntarily. That much of the point I can affirm. It correctly states the law applicable to the case. The point then goes on : " And the burden is upon the defendant to show that it has since been paid or that the obligation has been canceled in some way and for a good consideration ; and unless the defendant has convinced you that the note has been so paid or canceled your verdict must be for the plaintiff." This is very nearly correct. I would, however, desire to correct it in this way : I should say the burden is upon the defendant to show that the note has since been paid or that the obligation has been canceled or satisfied in some way, or if given for some undisclosed purpose, that purpose has been fulfilled ; and, unless the defendant has convinced you that the note has been so paid or canceled or satisfied, or the purpose for which it is given fulfilled, your verdict must be for the plaintiff. I answer the point in that way, with that correction. [5]

4. The defense which is interposed in this case is based largely upon admissions, alleged to have been made by the plaintiff to Margaret Scanlon, the defendant, and the rule of law is that such evidence should be received with great caution and scrutiny, as such evidence is the most dangerous that can be admitted in a court of justice, and the most liable to abuse. *Answer :* The fourth point I will divide up, as I did the second: The defense, which is interposed in this case, is based largely upon admissions alleged to have been made by the plaintiff to Margaret Scanlon, the defendant, and the rule of law is that such evidence should be received with great caution and scrutiny. There is no doubt about that. The evidence here on which the defendant relies is alleged admissions, something by which it is claimed, as we would say, that the plaintiff gave

himself away, something by which he admitted that this note was not a valid obligation. Evidence of that character, alleged admissions, undoubtedly is, as stated in this point, to be received with great caution and scrutiny, and so far I affirm the point. The point goes on: "It is to be received with great caution and scrutiny, as such evidence is the most dangerous that can be admitted in a court of justice and the most liable to abuse." I do not think that I can characterize admissions in this way as the most dangerous that can be admitted in a court of justice and the most liable to abuse. I do feel, however, warranted in saying to you, as asked in the first part of the point, that you are to receive these alleged admissions with great caution and to accept them only after close scrutiny with regard to their truth. [6]

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions; (2–6) above instructions, quoting them.

˙ *Joseph O'Brien* and *John P. Kelly*, for appellant.—As the note was under seal, want of consideration was no defense: Taylor v. Glaser, 2 S. & R. 501; Hopkins v. R. R., 3 W. & S. 410; Frevall v. Fitch, 5 Wharton, 325; Biery v. Haines, 5 Wharton, 663; Burkholder's Exr. v. Plank, 69 Pa. 225; Sherk v. Endress, 3 W. & S. 255; Yard v. Patton, 13 Pa. 278; Lorah v. Nissley, 156 Pa. 329; Aller v. Aller, 40 N. J. L. 446.

The promise to give up the note was without consideration and, therefore, was nudum pactum: McNutt v. Loney, 153 Pa. 281.

It is error to submit to the jury questions which are not raised by the evidence, and to give instructions inapplicable to the case: Lee v. Newell, 107 Pa. 283; R. R. v. Hoosey, 99 Pa. 499; 1 Rice on Ev. p. 441.

*R. A. Zimmerman*, with him *G. M. Watson*, *F. J. Fitzsimmons* and *M. P. Cawley*, for appellee.—An obligation which has been canceled requires no consideration to support a promise to return it. When the holder of an instrument at and after maturity absolutely renounces his right against the maker, the instrument is discharged: Story on Promissory Notes, sec. 408; Daniel on Negotiable Instruments, sec. 1291; Decorah First Nat. Bank v. Day, 64 Iowa, 118.

Declarations against interest are to be taken as true and construed most strongly against the declarant: Gabler's App., 5 Cent. Rep. 314.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 17, 1898:

When this case was here before (176 Pa. 262) the judgment in plaintiff's favor was reversed on the ground that the jury, in a special verdict, found that the note in suit was given "for the purpose of hindering and delaying creditors of said Scanlon, and that there was no evidence on the part of the plaintiff to show that said note was given without any consideration or for the purpose of hindering and delaying creditors." Our Brother MITCHELL, writing for the Court in that case, said: "The result is that the plaintiff has a judgment on a ground that he expressly repudiated, and in the face of an explicit finding by the jury against his claim, while the defendant has a judgment against her, notwithstanding a finding of the main fact of the defense in her favor. . . . It is clearly apparent that the transactions between the parties were not the ordinary dealings of borrower and lender, and it is equally manifest that the witnesses on neither side were telling the entire truth."

On the second trial, the record of which is now here for review, the defendant testified more fully as to declarations by the plaintiff to the effect that there was no money consideration for the note, that he did not intend to try to collect any money on it, and that he repeatedly promised to give it to her. Her testimony as to these declarations was corroborated by other witnesses. Other facts and circumstances,—not necessary to be detailed here,—gave further weight to her testimony. The case was clearly one for the jury. There was no error in refusing to strike out the defendant's testimony as to plaintiff's declarations; nor is there any ground for plaintiff's contention that binding instructions should have been given in his favor. Such instructions would have been plain error. It necessarily follows that the portions of the charge embraced in the second and third specifications are not erroneous. The complaint is not that the trial judge presented plaintiff's case inadequately or gave undue prominence to the defendant's theory, but that the defense was permitted to go to the jury in any form. In commenting on the testimony as to plaintiff's declarations, the

learned trial judge, after presenting defendant's theory, was careful to state that there was " a possible construction to be given to this testimony that would still be favorable to a recovery by the plaintiff," namely, that the declarations might have been made, " for the purpose of endeavoring to dispel the evident worry that Mrs. Scanlon was in." That was going quite as far in presenting a view favorable to the plaintiff as the latter could reasonably expect. The plaintiff's complaints (if any he has) ought to be against the jury, and not the court. In saying this, however, we do not mean to intimate that the jury reached an improper conclusion. On the contrary, we think it was correct.

The objection to plaintiff's second point is that it wholly ignores defendant's theory of the case and the evidence in support of it. The defense did not allege payment or cancelation, but contended that the note had been given for some undisclosed purpose, and that the purpose, whatever it was, had been fulfilled. The trial judge was therefore right in embodying in his answer the remark that plaintiff could recover unless the defendant showed one of the defenses to the note presented in the point, or " that the purpose for which it was given had been fulfilled." Plaintiff's last point was properly qualified.

It is unnecessary to pursue the inquiry further. Our examination of the record has failed to disclose any error on the part of the court below that would justify a reversal of the judgment.

Judgment affirmed.