## William C. Milliken *v.* Calvin A. Long, Appellant.

*Parent and child—Seduction—Evidence of character—Rebuttal.*

In an action by a father to recover damages for the seduction of his daughter, evidence is admissible of the previous good character of the daughter in the neighborhood where the intercourse took place, in rebuttal of defendant's evidence that her reputation was bad before she came to that place.

*Seduction—Promise of marriage—Aggravation of damages.*

In an action by a father to recover damages for the seduction of his daughter, where intercourse was admitted but seduction denied, plaintiff may show in aggravation of damages that defendant, after discovering that she was in the family way, had agreed to marry her.

*Seduction—Previous bad character—Reformation.*

In an action by a father to recover damages for the seduction of his daughter, the plaintiff may recover although the girl may have led a life of prostitution, if it appears that at the time of defendant's connection with her she was leading a virtuous life.

*Seduction—Civil and criminal actions.*

It is no defense to an action for seduction that the defendant has been or will be subjected to a criminal prosecution.

*Seduction—Promise of marriage not essential.*

Seduction is the act of a man inducing a woman to commit unlawful sexual intercourse with him, and it is not essential in order to maintain the action that there should be a promise of marriage.

*Seduction—Parent and child—Measure of damage.*

In an action for seduction of a daughter, the parent may recover not only for the loss of her services, but also for mental anguish caused by the loss of her virtue, the loss of comfort and consolation that he has a right to feel in the purity and virtue of his daughter and for the disgrace and dishonor brought upon himself.

*Seduction—Parent and child—Daughter not living with parent.*

In an action for seduction the fact that the daughter was not living with her father at the time the offense was committed, does not affect the father's right of recovery.

*Reputation—Evidence.*

The fact that a person's reputation is not talked of is evidence that it is good.

Argued Oct. 25, 1898. Appeal, No. 120, Oct. T., 1898, by defendant, from judgment of C. P. Armstrong Co., Dec. T., 1896, No. 223, on verdict for plaintiff. Before GREEN, MC-COLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for seduction of daughter. Before RAYBURN, P. J.

At the trial a number of witnesses were called on behalf of the plaintiff to prove that they were acquainted in the neighborhood in which the daughter lived from May 27, 1895; that they were acquainted with the people of that community, and that her reputation for virtue and chastity was good.

The evidence was objected to by defendant as incompetent and irrelevant and not rebuttal. The defendant having shown her previous bad character in the city of Pittsburg, if this be evidence at all it would be evidence in chief, as it does not rebut the case of the defendant.

Objection overruled and bill sealed. [1]

Plaintiff offered to prove that defendant agreed to marry the witness when he discovered that she was in the family way through him, for the purpose of showing the conduct of the defendant for the purpose of showing aggravation of damages.

Objected to by defendant as incompetent and irrelevant, the proposed conversation having occurred after the alleged crime had been committed.

By the Court: The proposition alleging that the conversation or promise to be proved contained a statement that it was in connection with the offense charged here, we will overrule the objection and admit the evidence, and on request of defendant exception allowed and bill sealed. [2]

Plaintiff's points and the answers thereto were as follows:

1. Even if the jury should believe that the daughter, Blanche Milliken, was guilty of youthful indiscretions, but had repented of the same, and that at the time the defendant had connection

with her she was walking in the path of virtue, and enjoying the esteem of her acquaintances, the plaintiff is entitled to recover. *Answer :* That point is affirmed. We say to you that even if a girl had been leading a life of prostitution, and she had turned aside from that and was walking in the paths of virtue and rectitude and had reformed, then that person having connection with her, seducing her, would be liable in damages to the parent for such seduction and debauchery. But you must find from the evidence that such reformation had taken place, even if you would find from evidence that this young woman had been living a life of shame prior to her coming to Leechburg. [3]

2. That even if the jury should believe the evidence that Blanche Milliken was unchaste prior to her acquaintance with the defendant, such evidence will not bar the action, but will only go to mitigate the damages, and he is still liable to the extent that his acts have contributed to the girl's downward tendency to the extent that his conduct has added to the parent's suffering. *Answer :* That point is affirmed. [4]

3. It is no defense to this action that the defendant has been or will be subject to a criminal prosecution, and the jury will not take such fact into consideration in making up their verdict. *Answer :* That point is affirmed. [5]

4. Seduction is the act of a man inducing a woman to commit unlawful sexual intercourse with him, and it is not essential in order to maintain the action that there should be a promise of marriage. *Answer :* That point is affirmed. [6]

5. It is immaterial in this suit whether the intercourse complained of, was accomplished by force or artifice ; the parent's loss is the same in either case. *Answer :* That point is affirmed. [7]

6. In computing the damages suffered by the plaintiff, the jury will take into consideration not only the loss of service which he suffered, but also the suffering of mind caused by the loss of the virtue of the daughter, and his disgrace and dishonor, his wounded feelings, the loss of the comfort and consolation that he had the right to feel in the purity and virtue of his child, for the loss of hope in the future of his daughter, and for the mental anguish in the disgrace of his daughter, and also his mortification, humiliation and sense of dishonor; and if you find

the defendant committed the wrong complained of you may compensate the plaintiff up to the limit complained of in his statement, which is $5,000. *Answer:* That point is affirmed. [8]

Defendant's points and the answers thereto were as follows:

1. Although the action by a parent for the seduction of his daughter has its technical foundation in the loss of his daughter's services, it is well settled that proof of the relation of master and servant, and of the loss of service by means of the wrongful act of the defendant, has relation only to the form of the remedy, and that the action being sustained, in point of form, by the introduction of these technical elements, the damages may be given as a compensation to the plaintiff, not only for the loss of service, but also for all the plaintiff can feel from the nature of the injury. In the case now trying, the plaintiff has failed in point of form to sustain his case by the introduction of these technical elements, to wit: That he has suffered any actual loss whatever by reason of his daughter becoming pregnant and being delivered of a bastard child begotten on her body by the defendant. That in the absence of such proof he cannot recover. *Answer:* That point is refused. [9]

2. If the evidence on the part of the plaintiff be believed, Blanche Milliken was an outcast from her father's house. Such being the evidence, the mere fact of the relationship of father and daughter is not sufficient to sustain the plaintiff's case, and the verdict must be for the defendant. *Answer:* That point is refused. [10]

3. Under all the evidence the verdict must be for the defendant. *Answer:* That point is also refused. [11]

The court charged in part as follows:

Now, we say to you that, of course, when a person's reputation is not talked of, that is certainly some evidence of a good reputation, when no one says anything concerning it, especially the virtue of a woman. A woman that is virtuous and chaste will not be talked about; we never hear that question mentioned; and a woman living in a neighborhood where that question is not raised by any one, why certainly, it is evidence that her reputation for chastity is good. But if her chastity is a thing that becomes current conversation and is talked about in the neighborhood, then certainly her reputation for chastity would not be good.

Verdict and judgment for plaintiff for $1,500. Defendant appealed.

*Errors assigned* were (1, 2) ruling on evidence, quoting the bill of exceptions; (3–11) above instructions, quoting them.

*M. F. Leason,* for appellant, cited Phelin v. Kenderdine, 20 Pa. 354; Dunlap v. Linton, 144 Pa. 335; Fullam v. Rose, 160 Pa. 55; Tietz v. Philadelphia Traction Co., 169 Pa. 516; Richards v. Willard, 176 Pa. 181.

*W. D. Patton,* for appellee, cited Mohrcy v. Hoffman, 86 Pa. 358; Hornketh v. Barr, 8 S. & R. 37.

PER CURIAM, November 17, 1898:

We fail to discover error in any of the assignments. The rulings upon offers of testimony were manifestly correct. The answers to points were equally free from objection, and in the general charge we discover nothing that would justify a reversal. The assignments are all dismissed.

Judgment affirmed.