No. 13, 927.

STATE OF LOUISIANA VS. CHARLES HAYES.

SYLLABUS.

The word "bigamy" as inserted in the Statute of 1898, completely denounces an offence. It is universally understood, and a description of the offence of bigamy would not express more than the word itself.

An indictment against one for having committed that offence is not invalid on the ground that it should have charged the crime strictly in the language of the statute.

The offence is statutory. There are no forms at common law to be followed as adopted by the Statute of 1805. The offence may be described in the indictment as understood, and it will be valid if the description conveys all that is meant by the one word, "bigamy."

An indictment is valid when the offence is charged in words equivalent in meaning to those in the statute.

A PPEAL from the Twelfth Judicial District, Parish of Sabine—
   *Lee, J.*

*Walter Guion,* Attorney General, and *Amos L. Ponder,* District Attorney (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Thomas C. Armstrong* and *Thomas G. McMichael* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J.   From a sentence condemning him to be imprisoned in the State penitentiary for a period of one year for bigamy, the defendant appeals.   The grounds upon which he seeks to have the verdict and sentence reversed are that the information describes no offence known to the criminal statutes of Louisiana; that statute 93 of 1898 is void, because, in drafting the bill denouncing bigamy, no attempt was made to define that offence.   In the alternative, the defendant urges, if the statute 93 of 1898 be held valid, then that the indictment is invalid and void because it describes the offence denounced in section 800 of the Revised Statutes and that this last statute does not, in terms, denounce bigamy.   In addition, defendant's counsel argue that the article of the Revised Statutes cited has been repealed by statute 93 of 1898.

The statute just cited sets out that "any person who shall be convicted of the crime of bigamy in this State shall be imprisoned at hard labor in the State penitentiary for a period of not more than five years nor less than one year."   The complaint of the defendant is particularly directed against the language used in the indictment setting forth that he was married and, while married and undivorced, he feloniously, knowingly, and unlawfully did .marry one named in the indictment.   The ground of objection is that the indictment is not responsive to the cited statute.

The offence "bigamy" is not *eo nomine* in the indictment.   The close pleader would not, perhaps, have omitted the word.   But it has been repeatedly held that an indictment is not defective and illegal if the offence is charged in words of equivalent import to those used in the statute denouncing the offence for which the defendant is prosecuted.   Words of equivalent meaning may be substituted for the words of the statute.   State vs. Brown, 41 A. 345.

The one who contracts a second marriage before the dissolution of the first is guilty of bigamy.   This is the written law, whether expressed by the word "bigamy," of well-known meaning, or whether defined as above, or as in the indictment attacked by the defendant.   It is clear

enough that the defendant was charged with having committed the crime of bigamy. The description given is a complete equivalent to the word. The offence is legally described by a definition which is more complete, if possible, than the word used in the statute.

Defendant, in the second place, attacks as null and void the statute 93 of 1898, under which he was prosecuted. His grounds of attack are that the statute denounces the crime of bigamy *eo nomine,* without defining that offence, and that it was unknown to the common law in 1805, at the time of the adoption of that system in this State. True, as contended by the defendant, the crime of bigamy is not particularly defined by the statute of 1898. It remains, however, that the word has a meaning not to be misunderstood wherever the English language is spoken. It is so well understood that it requires no definition. It, in itself, denounces an offence. If a definition of the word had been inserted, it would only have encumbered the statute and would not have assisted the reader in discovering the meaning, which every reader knows very well. In State vs. Smith, 30 Ann. 846, the crime charged had not been defined at common law. The one word used did not convey a "world-wide definition of the term." It had not, like murder, a fixed and definite meaning everywhere, or like other acts having the same meaning wherever it is understood at all. There are offences denounced *eo nomine* by statute, and wherever the word clearly conveys the legislative intent and is universally understood, they have been sustained as legal and valid.

While a different view has been taken when, as in the cited case, the word used conveys an uncertain meaning or is so broad and comprehensive as to render the statute uncertain and faulty, nothing of the sort suggests itself here, and we, in consequence, are unwilling to annul and set aside the statute.

We readily agree with counsel for the defendant that the crime of bigamy was unknown to the common law at the time of its adoption in this State. The offence is statutory, and for that reason the common law definitions are not to be thought of in drafting an indictment or information. It should, however, be denounced in the language of the statute or in language in every other way at least equivalent in meaning.

From our point of view regarding the statute of 1898, we do not deem it necessary to pass upon the question of repeal *vel non* of section 800 of the Revised Statutes. Whether this section is repealed or not, we hold that the indictment is legal under the statute cited.

Natural and positive law has pronounced against bigamy. The gravamen of the indictment brings the second marriage charged to have been contracted under the ban of the statute. It only remains for us to affirm the sentence and judgment.

For the reasons assigned, the sentence and judgment appealed from are affirmed.