## Danner *v.* Hess, Appellant.

*Promissory notes—Consideration—Want of consideration—Defense.*

Bills of exchange and promissory notes differ from other simple contracts, in this, that, in an action on a bill or note a consideration is to be presumed, until the contrary appears by evidence. The defendant may give proof of want of consideration, of failure of consideration or that the consideration was illegal and the only difference between a note or bill, and any other contract, as between the immediate parties, is that the burden of proof respecting consideration is in a certain sense shifted.

In an action by the payee of a promissory note against the maker, the defendant may show that he had arranged to borrow the amount of the note from another person now deceased, and that the plaintiff was to be the surety on the note; that he received the money from the deceased, but that the note, without defendant's knowledge, was made payable to the plaintiff; that the defendant never received any consideration from the plaintiff for the note; that the administrator of the deceased had recovered a judgment against the defendant for the debt represented by the note; and that the plaintiff was present at the trial at which the judgment was recovered.

Argued Dec. 2, 1901. Appeal, No. 244, Oct. T., 1901, by defendant, from judgment of C. P. Northampton Co., June T., 1901, No. 27, on verdict for plaintiff in case of William H. Danner v. William Hess. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit by payee against maker of a promissory note. Before SCHUYLER, P. J.

At the trial the court rejected the defendant's offer of evidence, recited at length in the opinion of the Superior Court, and directed a verdict for plaintiff.

Verdict and judgment for plaintiff for $269.99. Defendant appealed.

*Errors assigned* were (1) rejection of offer. (2) In giving binding instruction for plaintiff.

*E. J. Fox*, with him *Thomas D. Danner* and *J. W. Fox*, for appellant.—The offer disclosed a want of consideration: Delano v. Bartlett, 6 Cush. 364; Conmey v. Macfarlane, 97 Pa. 361; Kern's Est., 171 Pa. 55; Loeb v. Mellinger, 12 Pa. Superior Ct. 592; Howie v. Lewis, 14 Pa. Superior Ct. 232; Stevenson v. Stewart, 11 Pa. 307; Hartman v. Shaffer, 71 Pa. 312.

*Russell C. Stewart*, with him *Calvin F. Smith*, for appellee, cited: Ballentine v. McGeagh, 4 Brewster, 95; Pearce v. Austin, 4 Whar. 489; Brown v. Clark, 14 Pa. 469; Way v. Richardson, 3 Gray (Mass.), 412.

OPINION BY BEAVER, J., January 21, 1902:

This is not a suit of an innocent holder for value, of commercial paper, against the maker. The plaintiff is the payee in the note. He offered the note in evidence and rested. The defendant, in order to show that he was not liable to the plaintiff for the amount of the note, made the following offer: "Defendant proposes to prove by the witness that some time in March, 1898, he arranged with John Roth, now deceased, to borrow from him the sum of $250, it being stipulated by John Roth that a note should be given, with William H. Danner, the plaintiff, as surety; that John Roth was an illiterate man, unable to read English and unable to write, and that it was agreed that the parties should go to the house of William H. Danner and have the note prepared; that they went to the house of Danner and asked him to prepare a note, payable to the order of John Roth, for $250, and asked him to become surety on the note, to which he agreed. The note was prepared and signed by Hess, without knowledge on his part that it was drawn to the order of William Danner, but supposing that it was drawn, as stipulated, to the order of (Hess and?) John Roth; that subsequently on two occasions, in the presence of the plaintiff, William H. Danner, the interest upon the note was paid to John Roth; that the defendant never received $250, or any amount from the plaintiff as a consideration for the note in suit, but that the money was given to him by John. Roth. This offer to be followed by proof of admissions and declarations by William H. Danner, the plaintiff, after the death of John Roth, that he knew where there was a couple

of hundred dollars that belonged to the estate of John Roth; also by a declaration that the note had been given, as stated in the preceding offer, but that John Roth had said to him that he, John Roth, was to receive the interest during his lifetime and, after the death of John Roth, the note was to be the property of William H. Danner. Defendant proposes to follow this offer by proof that the plaintiff declared to George H. Fehnel, the administrator of John Roth, subsequent to the death of John Roth, that he had made an appointment with John Roth to go with him to P. N. Remmel, Esq., a justice of the peace, and have this note put in such shape that, after the death of John Roth, the principal of the note was to belong to William Danner, but that, by reason of the sudden illness and subsequent death of John Roth, the said John Roth was unable to keep the appointment, and they never called on Justice Remmel for this purpose; this testimony being offered for the purpose of showing that there never was any actual gift of the note by John Roth to the plaintiff, William H. Danner, and that the matter was never finally consummated between them. It is further proposed to follow this proof by proof of the fact that a suit was brought by George H. Fehnel, administrator of John Roth, against William Hess, this defendant, and William H. Danner, the plaintiff in the present note, as surety upon the note, which it was supposed by the parties had been given by Hess and Danner to John Roth; that both the parties defendant appeared at the hearing and that Danner stated that he was not surety on the note; that he did not then state to the justice of the peace or to the defendant in the present suit, before judgment was entered, that the note given had been a note given to William H. Danner and that, by reason of his silence at that time, when it was his duty to speak, he is estopped from claiming upon the note in suit." The offer was excluded and the jury directed to find a verdict in favor of the plaintiff for the full amount of his claim. Accepting this offer as true, it is clear that no consideration ever moved between the defendant and the plaintiff. Why was it not competent to show this?

It was said in Conmey v. Macfarlane, 97 Pa. 361: " Bills of exchange and promissory notes differ from other simple contracts, in this, that, in an action on a bill or note a consideration

is to be presumed, until the contrary appear by evidence. The defendant may give proof of want of consideration, of failure of consideration or that the consideration was illegal and the only difference between a note or bill and any other contract, as between the immediate parties, is that the burden of proof respecting consideration is in a certain sense shifted." See also McCarty v. Scanlon, 187 Pa. 495.

The plaintiff sought to recover in this case against the defendant. Defendant replies: "I owe plaintiff nothing. It is true he has a note of mine, in which he is the payee, but as between him and me there is no consideration for my promise to pay. I promised to pay that amount to John Roth, from whom I received it. The administrator of John Roth already has a judgment against me for that amount. Plaintiff, therefore, has no right to recover." Surely this constituted a good defense. It is idle to say that the defendant could pay the money into court. That would not relieve him of the judgment which Roth's administrator had against him, recovered in a suit at the trial of which the present plaintiff was present and of which he had knowledge and because of which, if the facts were as stated in the offer, he had no right to maintain an action against the defendant, because it is very clear that, if a judgment had been recovered against the defendant for the same indebtedness, at the suit of the party who was legally entitled to receive it, the defendant should not be involved in the cost and vexation of another suit. Assuming the facts stated in the offer, we think they constituted a defense to the action and should have been submitted to the jury. Judgment reversed and a new venire awarded.