Yearsley, Appellant, *v.* Franklin Lamp
Manufacturing Co. Inc. et al.

Argued November 13, 1929.

Before PORTER,
P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNING-
HAM and BALDRIGE, JJ.

*James Yearsley,* for appellant.

*H. L. Schimpf,* for appellee, filed no printed brief.

OPINION BY TREXLER, J., January 29, 1930:

The plaintiff, Helen R. Yearsley, brought this action
of trespass against the defendants, alleging in her
statement that they published certain false scandalous
defamatory words concerning the plaintiff in an affi-
davit of defense filed by them in a suit theretofore
brought by the plaintiff against them to recover forty
dollars due her as wages earned as their employee.
The words which plaintiff states are libelous are as
follows: ''In the course of business, defendant re-
quired plaintiff to design certain lamp shades which
plaintiff refused to do all of which shades required to
be designed by defendant were in the scope of plain-
tiff's employment with defendant and within the terms
of said oral contract; and avers that plaintiff was con-
tinually careless and that the shades that plaintiff con-
sented to design were not done in a skillful and work-
manlike manner.''

The appellant's argument is largely directed to the
general subject of libel and what constitutes privileged

communication, and the necessity of proving probable cause. We need not go so far afield. The only question here is: When alleged libelous matter is contained in pleadings, is there any liability for uttering it? The answer is found in Kemper v. Fort, 219 Pa. 85. Justice BROWN, in that case, cites a number of authorities and sums up in the following words: "When alleged libelous matter in pleadings is relevant and pertinent, there is no liability for uttering it. Public policy requires this, even if at times the privilege of immunity for false and malicious averments in pleadings is abused. Justice can be administered only when parties are permitted to plead freely in the courts and to aver whatever ought to be known without fear of consequences, if a material and pertinent averment should not be sustained. Wrong may at times be done to a defamed party, but it is damnum absque injuria. The inconvenience of the individual must yield to a rule for the good of the general public."

The plaintiff's claim in the suit in which the alleged libelous matter was set out was for a sum due for wages. The plaintiff, in her statement, stated that she "performed all things required of her to be done." When the defendant countered by stating that she had not performed all things required and that the work was not done in a skillful and workmanlike manner, his assertion was pertinent to the issue. "Where the question of the relevancy and pertinency of matters alleged in pleadings is to be inquired into, all doubts should be resolved in favor of relevancy and pertinency": Kemper v. Fort, supra.

The judgment is affirmed.