## Alwine v. Erb

280

*Earnest & Torchia*, for plaintiff.
*Metzger, Wickersham & Knauss*, for defendant.

SOHN, J., August 8, 1955.—On June 25, 1954, plaintiff in this case brought suit against defendant on a check dated July 23, 1948, payable to the order of H. K. Alwine, plaintiff, and signed by defendant, Mary H. Erb. The check is in the amount of $1,500, and on its face purports to have thereon in the handwriting of defendant the words "in full money advanced to pay on house." The pleadings admit the execution and delivery of the said check to plaintiff by defendant. However, defendant's answer, inter alia, contains new matter. To the said answer plaintiff filed preliminary objections entitled, "Preliminary Objections to Defendant's Answer and New Matter." These preliminary objec-

tions contain a "motion to strike off answer containing new matter", a motion "for more specific new matter" and an objection "in the nature of a demurrer to defendant's answer and new matter." We shall consider separately each one of the objections which have not been abandoned by plaintiff.

The answer sets forth in its third paragraph that approximately eight years before July, 1948, the date of the check for which suit is brought, plaintiff had given $1,500 to defendant, plaintiff's niece, as a gift, that thereafter plaintiff repeatedly "cast up" to his niece the fact that he had made her such a gift and that, while angry, defendant on or about July 23, 1948, executed and delivered to plaintiff the check in question. It is further averred in this paragraph of the answer that the gift was made to defendant "in order to enable her to pay her portion of the cost of rebuilding a dwelling house on the farm known as the A. L. Erb estate farm in Swatara Township, Dauphin County, Pennsylvania which was destroyed by fire in 1939, while occupied by the plaintiff and his wife and certain heirs of the A. L. Erb estate, and because of said arrogant and dictatorial actions on the part of the plaintiff" the check was executed and delivered to plaintiff. This pleading goes on to say:

". . . the said check was not given in consideration of money then legally due and payable to the plaintiff but in order to prevent the plaintiff in the future from 'casting up' to her the fact that he had made a gift of $1500.00 to her as his niece, approximately eight years prior to that time. The said check was also given to him in order that he would change his arrogant and dictatorial attitude towards the defendant and the other members of her family interested in said estate. Since the delivery of said check, the plaintiff has repeatedly declared that he did not want the defendant's $1500.00 represented by said check for said

amount and that he would never cash it. The defendant is advised and believes and therefore avers and expects to be able to prove that the plaintiff attempted to cash the said check on or about June 8, 1954, not because he wanted the money he now alleges is due on said check but because he wanted to use said check as a bargaining point for the settlement of various matters growing out of the partnership known as C. S. Erb & Company of which H. K. Alwine, Anna H. Alwine, his wife, and your defendant and her brother, C. S. Erb, are members."

Plaintiff moves to strike off the answer on the ground that the language just referred to is scandalous and impertinent. We do not think that it is.

In Varner v. Hoffman, 14 Somerset 323 (1949), it is held:

"Scandal consists of any unnecessary allegation which bears cruelly upon the moral character of an individual, or states anything which is contrary to good manners, or anything which is unbecoming to the dignity of the Court to hear, or which charges some person with a crime, not necessary to be shown. . . ."

And in Glickman v. Brands, 31 Northamp. 264 (1948), it is held that if averments in a pleading are pertinent and material they are not to be termed "scandalous." Our Superior Court long ago pointed this out in Yearsley v. Franklin Lamp Mfg. Co., 97 Pa. Superior Ct. 538. See also in our own court Rodman v. Nelley, 51 D. & C. 242.

The language used by defendant does not infer or charge that plaintiff is guilty of attempted extortion and abuse of process as alleged by plaintiff. It has to do with matters which, if true, are relevant and pertinent to the main issues which are raised, and those issues are whether defendant owes plaintiff the $1,500, whether the check was given without consideration,

whether it was in effect a gift and whether plaintiff so long delayed in presenting it for payment that the gift was never completed. The complaint itself contains inherent evidence that the allegations of paragraph 3 of the answer are true. It shows that plaintiff never attempted to cash the check, dated July 23, 1948, until June 8, 1954. The answer says that he made repeated statements that he would never cash it. This, of course, is a pleading of evidence, but the fact remains that he claims interest only from June 8, 1954. The suit is upon the check, a negotiable instrument, and under the law should have been presented for payment within a reasonable time: Negotiable Instruments Law of May 16, 1901, P. L. 194, ch. I, art. VI, sec. 71.

Nor are the matters pleaded impertinent.

"Impertinence in a pleading is the averment of a fact or facts which are irrelevant to the material issues made or tendered, and which, whether proven or not, or whether admitted or denied, can have no influence in leading to the result of the judicial inquiry. When the allegations do not appear to be wholly irrelevant in every particular, the allegations will not be stricken for impertinence": Glickman v. Brands, supra.

The right to strike out impertinent and scandalous matters should be sparingly exercised: Astrich v. Girard Fire & Marine Ins. Co., 6 Dauph. 238; Northumberland County v. Yocum, 25 Northumb. 111. We cannot strike off the answer as being either scandalous or impertinent.

In the preliminary objections under the heading "for more specific new matter", plaintiff states in his fourth objection:

"(4) The New Matter set forth in Defendant's Answer fails to set forth the nature and character of

the alleged gift or the circumstances and conditions under which the alleged gift was made."

A request is made that defendant be required to file a more specific allegation under the heading "new matter". Presumably, plaintiff is referring to the alleged gift of $1,500, which defendant says in her answer was made to her by plaintiff about eight years before July 23, 1948, the date of the check sued upon here. The position of defendant is that she does not owe plaintiff the sum of $1,500, and that his action in giving that sum to her approximately eight years before July 23, 1948, constituted a gift which she was under no obligation to repay. No suit was ever brought by plaintiff within those eight years to establish his right to the $1,500, nor is there any allegation in the pleading that any demands ever were made for it. The gift to her, she says, was made to her in cash to enable her to pay her portion of the balance of the cost of the new house erected on the A. L. Erb estate farm after the old farmhouse was destroyed by fire in 1939. If this is so, certainly plaintiff has full knowledge of the transaction. In argument, defendant says that these facts were pleaded as new matter in order to require plaintiff to plead thereto and to either admit or deny that he had made a gift of $1,500 to his niece as alleged. Plaintiff knows just as much about this transaction as defendant does, and upon the trial of the case, if it appears that the $1,500 was in reality a gift to defendant, then there was no obligation on her part to repay it. This goes to the very question as to whether or not there was any consideration for the check given by defendant to plaintiff in this case. Defendant has said in her answer that the check was given to prevent plaintiff, in the future, from "casting up" to her the fact that he had made the gift, and in order that he might change his dictatorial attitude

towards defendant and other members of her immediate family.

In his objections to defendant's answer under the heading "in the nature of a demurrer to defendant's answer and new matter", plaintiff says, in paragraph 5:

"(5) The facts alleged in paragraph 3 of Defendant's Answer admit the execution and delivery of the instrument upon which suit was brought, and thereby Defendant admits the terms thereof and the consideration therein stated, to wit, 'In full for money advanced to pay on house.'"

Paragraph 6 of plaintiff's objection states:

"(6) Defendant's Answer fails to show that the instrument or check upon which suit was brought was not supported by a good and valid consideration."

We will treat the fifth and sixth objections together. With respect to the fifth objection, defendant says that plaintiff brings upon the record new facts which did not appear in previous pleadings, to wit, that defendant's check for $1,500 had written thereon, "In full for money advanced to pay on house." This, she argues, is a speaking demurrer; we do not think so. A speaking demurrer is one that sets up the ground of demurrer dehors the declaration: Wright v. Weber, 17 Pa. Superior Ct. 451, 455; Borough of Kingston v. Kalanosky, 155 Pa. Superior Ct. 424, 38 A. 2d 393, 395. Here the suit is upon a check and the check is a part of the declaration. We do not think that the words quoted constitute a speaking demurrer, and for that reason they are not objectionable. The main question at issue here is whether the check given by defendant to plaintiff was supported by any valid consideration, and whether, if it was not, and if it was a gift, whether the gift was not completed by acceptance by plaintiff within a reasonable time.

With respect to the sixth objection, in paragraph 3 of plaintiff's complaint he alleges that the check from defendant to plaintiff was given in consideration of money due and payable by defendant to plaintiff. Paragraph 3 of defendant's answer flatly states that the allegations contained in paragraph 3 of plaintiff's complaint are denied as pleaded. It goes on to say that the check was not given in consideration of moneys then legally due and payable to plaintiff. To further amplify the situation, the answer sets forth that plaintiff had given defendant a check as a gift and defendant's reasons for offering her $1,500 check to plaintiff. Nor do we think that defendant was required, in preparing her answer, to allege specifically that the check was not supported by a good and valid consideration. She has answered that the check was not given by her in consideration of money which was due and payable. The defense of want of consideration is still open to her at the trial.

The seventh objection of plaintiff to defendant's answer on new matter under the heading of a demurrer to defendant's answer and new matter is:

"(7) That the allegations contained in paragraphs 3 and 6 are insufficient in law and equity as a defense to the suit brought by Plaintiff on a written instrument."

It is apparently plaintiff's position that when defendant acknowledged the execution and delivery of the $1,500 check, she made herself liable on it as a matter of law. This, however, overlooks the right of defendant to set up the defense of lack of consideration. Plaintiff has also overlooked the fact that the law requires the recipient of a gift to accept it before it can become a completed gift. The check sued upon is a negotiable instrument and should have been presented for payment within a reasonable time. In 38 C.J.S. 842, §55, is found a collection of cases relating

to the question as to whether or not a gift of a donor check may be revoked by stopping payment on the check before it is cashed by the donee. There it is pointed out that a gift of a donor's check may be revoked by stopping payment of the check before it is cashed by the donee. If a gift of a check can be revoked by stopping payment, it is only reasonable that a gift of a check can likewise be revoked by the withdrawal of the funds from the bank before the check is cashed by the donee. Here in the pleadings, it appears that the donee waited until almost six years had elapsed before presenting his check for payment to the bank upon which it was drawn. In Mellier's Estate, 320 Pa. 150, 154, it was held that the delivery of a check alone is not an executed gift of the money represented by the check. See also Kern's Estate, 171 Pa. 55, 33 A. 129, and Eshenbaugh's Estate, 114 Pa. Superior Ct. 341.

The eighth objection of plaintiff under the heading of "demurrer" is:

"(8) The facts set forth in the New Matter contained in Defendant's Answer show that the alleged oral statement of Plaintiff that he did not want the check and would never cash it was not supported by consideration."

This objection is apparently based on the theory that defendant had to allege and prove a consideration for plaintiff's alleged statement that he did not want the check and would never cash it. Defendant says in argument that these alleged statements of plaintiff that he did not want the check and would never cash it were inserted for the purpose of corroborating defendant's other allegations that her check was given as a gift. We believe that these matters are mere surplusage and have no part in the pleadings. However, if a jury finds that defendant's check was given as a gift and that no consideration supported the gift, it

would not be a completed gift until the check was cashed. If the checking account of defendant was withdrawn from the bank before plaintiff's check was presented for payment, the attempted gift from defendant to plaintiff was thereby revoked and plaintiff could not now recover thereon.

The ninth objection of plaintiff is:

"(9) The allegations set forth in Defendant's New Matter wherein an alleged gift was made by Plaintiff is a conclusion of law and is not supported by facts sufficient in law to constitute a gift."

We think that this objection cannot be supported. Whether or not the advancement of $1,500 by plaintiff to defendant was a gift is a mixed conclusion of law and fact, and we believe that sufficient facts have been pleaded to require plaintiff to answer the "new matter." Plaintiff has contended that the check sued upon here is a formal contract. It is contended that it constitutes the entire agreement between the parties, is complete and detailed in its terms, and that unless fraud, accident or mistake is averred in connection therewith, parol evidence to add to or subtract from it is inadmissible. This argument overlooks the fact that this suit is upon a negotiable instrument. It is true that the Negotiable Instrument Law of May 16, 1901 P. L. 194, ch. I, art II, sec. 24, 56 PS §61, provides:

"Every negotiable instrument is deemed, prima facie, to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value."

This language indicates that there is only a presumption that it was given for value, and defendant may give proof of want of consideration: Danner v. Hess, 19 Pa. Superior Ct. 182. The transaction sued upon here took place and the suit was started before the new Uniform Commercial Code of Pennsylvania

took effect, and therefore does not apply. See 12A PS §1-105, clause (3) ; also see §10-101, Uniform Commercial Code of April 6, 1953, P. L. 3.

We believe the matters pleaded here under the heading "new matter" must be answered by plaintiff. The pleadings are full and ample and if defendant's allegations in her answer are true and correct, give rise to great suspicion that her version of the transaction is the true and correct one. Plaintiff waited almost six years before presenting the check for payment, and it may be that her check, which she says was without consideration, and was given for the specific purpose of keeping plaintiff quiet and from annoying her, was really without consideration. We, therefore, make the following

*Order*

And now, August 8, 1955, all of plaintiff's preliminary objections are overruled and plaintiff is directed to file an answer to the new matter set up by defendant in his answer within 20 days from this date.