## Whiteman v. Sarmento

*Reilly & Fogwell*, for plaintiff.

*Harman & Pine*, for defendant.

GAWTHROP, P. J., July 11, 1960.—Plaintiff sued in trespass to recover damages for the seduction of his daughter by defendant. To the complaint, defendant filed preliminary objections by way of demurrer and of a motion to strike off the complaint for scandalous and impertinent allegations. The preliminary objections must be sustained.

By the demurrer defendant correctly asserts that the complaint fails to state a cause of action. "The legal foundation of this action, and that which constitutes the plaintiff's right to recover, is the loss of service. The relation of master and servant must exist between the plaintiff and the person seduced, at the time when the injury is committed. If the daughter be under the age of twenty-one, she is the servant of her father, de jure; and his right to command her services will be sufficient proof of her being his servant. But if she be above the age of twenty-one, there must be some evidence of the relation of master and servant —some proof of actual service performed. The slightest acts of service have, however, been held sufficient— such as occasionally milking cows, making tea, and the like": Wilson v. Sproul, 3 P. & W. 49.

In South v. Denniston, 2 Watts 474, Chief Justice Gibson said: "An action on the case for the seduction of a daughter is founded exclusively on the relation of master and servant, not parent and child; and the gist of it is consequential loss of service. By reason

of a father's duty to educate and maintain his infant children, he stands in the place of a master to them while he retains the right of personal control, even as to such of them as are not under his immediate dominion. But if this right be divested or expired, the relation can be renewed but by actual service, which, to found an action for the interruption of it, must have existed at the doing of the act of which the interruption is a consequence; the difference between it and any other state of servitude being that slighter acts of service are evidence of it. If, however, the right of control be not finally parted with, its existence without actual service is a sufficient foundation for a title to the action; . . ."

The loss of service is the legal foundation of the action and the consequence is matter of aggravation: Logan v. Murray, 6 S. & R. 175. The father may recover damages for seduction of his minor daughter even though she does not live in his household so long as he has not abandoned her or divested himself of all right to reclaim her services; so long as she continues under his protection and control, he is liable for her support, she is his servant de jure, and he may demand and enjoy her services and her earnings until her majority, all of which she owes him: Hornketh v. Barr, 8 S. & R. 36.

A. L. I. Restatement of Torts, §701, and comment (b) thereto, are in substantial agreement with the Pennsylvania cases. Later cases, such as Phelin v. Kenderdine, 20 Pa. 354, Hoffman v. Kemerer, 44 Pa. 452, and Milliken v. Long, 188 Pa. 411, have broadened the scope of recoverable damages to include, in addition to loss of services, damages for the father's anguish caused by loss of the daughter's virtue, the father's disgrace, dishonor and wounded feelings, loss of hope for his daughter's future and for his own humiliation. They do not, however, depart from the

established rule that the father's right of action grounds upon his right to the daughter's services at the time of seduction, which right is presumed to exist in the case of an unemancipated minor. The form of the action, based on those circumstances, requires pleading and proof of the jurisdictional facts, in the case of a minor, of parenthood, minority and the absence of emancipation, or in the case of an adult daughter, of parenthood and the performance of some services, however slight, by the daughter for the father. The dictum appearing in Dunlap v. Linton, 144 Pa. 335, to the effect that, "if the daughter be . . . [of] age and residing with the father, service will be presumed if it is within the power of the father to command," was not necessary to the decision of that case and is not controlling here. Moreover, it too emphasizes the father's power of control.

Applying the above rules to the allegations of the complaint, it is clear no cause of action is stated. There is no allegation of the daughter's minority, nor that she lived in his household nor that he was entitled to command her services or that she performed them for him, whether she was in fact an unemancipated minor or an adult. The averment that "she would have contributed to plaintiff's family" certain wages allegedly lost due to her pregnancy and confinement falls fatally short of alleging that *plaintiff* was entitled to her wages; that she might have contributed them to her *family* is irrelevant. In any event, defendant is entitled to be informed whether or not the daughter was a minor, and if not whether she was actually performing services for plaintiff, thus in either case stating that plaintiff had a right to those services. Without one or the other of those averments of jurisdictional facts, he has not pleaded a valid cause of action.

Defendant asserts in support of his motion to strike off the complaint that it contains scandalous and impertinent matter. The test as to impertinent matter is that of relevancy to the issue before the court: Schiavo v. Caplo (No. 2), 6 D. & C. 2d 556. Scandalous matter consists of any unnecessary allegation which bears cruelly on the moral character of an individual or states anything contrary to good manners or unbecoming to the dignity of the court to hear, or charges some person with a crime, not necessary to be shown in the action: 30 C. J. S. 647, §193; Schweingen v. Piekarski, 13 D. & C. 2d 617. If averments are pertinent and material they are not scandalous: Yearsley v. Franklin Lamp Mfg. Co., Inc., et al., 97 Pa. Superior Ct. 538; Alwine v. Erb, 11 D. & C. 2d 279.

While the right to strike out impertinent or scandalous matter should be sparingly exercised, the application must be granted here. Paragraph 6 of the complaint avers that: "Defendant has since the birth of the child gossiped and spread stories about Virginia Whiteman's morals and character to the detriment of plaintiff and defendant continues to gossip and spread stories."

The scope of allowable damages in a civil action for seduction above discussed shows that the subject matter of this allegation is not included therein. Furthermore, the averment alleges a separate cause of action for slander against the daughter, Virginia Whiteman, and not an actionable tort against this plaintiff, her father. Its effect is to add a separate cause of action which would lie on behalf of the daughter Virginia, not a party hereto, and not to aver a cause of action arising in this plaintiff. On that basis the allegation is irrelevant to the issue of seduction and the resulting damages to plaintiff father and is, therefore, clearly impertinent. Since it is not clear that plaintiff cannot plead a valid cause of action by

amendment, final judgment may not be entered for defendant. The above impertinent allegation should be omitted from any amended complaint filed.

And now, July 11, 1960, the preliminary objection both in the nature of demurrer and of a motion to strike off the complaint is sustained. Plaintiff is allowed 20 days from the date hereof to file an amended complaint.